UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| ADVANCED SYSTEMS TECHNOLOGY AND MANAGEMENT, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:18-cv-00988 (LO/TCB) |
| FEI GUAN, | ) ) ) | |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court pursuant to the Order entered on September 5, 2018 (Dkt. 55).[1] For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant's ▮▮▮ counsel turn over Hard Drives 2.0 and 2.1 to Plaintiff, but that any accounting of the documents contained therein is unnecessary. Further, the undersigned recommends that ▮▮▮ counsel not be required to disclose any other documents, as all other documents in its possession appear to pertain solely to the ongoing ▮▮▮ action.

On August 9, 2018, Plaintiff Advanced Systems Technology and Management, Inc. ("Plaintiff") filed a complaint against Defendant Fei Guan ("Defendant"), alleging several counts of misappropriation of trade secrets (Dkt. 1). On August 10, 2018, Plaintiff filed an Emergency Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery

---

[1] Relevant filings before the Court include Plaintiff's Emergency Motion to Compel Compliance with Preliminary Injunction Order (Dkt. 41) ("Pl.'s Mot.") and accompanying Memorandum of Law in Support (Dkt. 42) ("Pl.'s Mem."); and Defendant Fei Guan's Opposition to Plaintiff's Emergency Motion to Compel Compliance with Preliminary Injunction Order (Dkt. 52) ("Def.'s Opp'n").

(Dkt. 4). On August 13, 2018, the Court entered a Temporary Restraining Order (Dkt. 9), which the Court later converted into a Preliminary Injunction Order ("PI Order") on August 24, 2018 (Dkt. 37). On August 28, 2018, Defendant submitted an accounting to Plaintiff's counsel in response to the PI Order. (Pl.'s Mem. at 2, Ex. A.) Plaintiff responded by filing an emergency motion to compel compliance with the PI Order, in which it raised several areas of concern regarding Defendant's compliance with the PI Order. (Id. at 3.) Chief among those concerns was Defendant's ▇▇▇ counsel's continued possession of Plaintiff's documents. (Id.) Defendant replied that the PI Order did not cover ▇▇▇ counsel's possession of Plaintiff's documents because, in part, Defendant no longer had custody or control over those documents. (Def.'s Opp'n at 2-4.) On September 4, 2018, the District Judge held a hearing on Plaintiff's emergency motion and on September 5, 2018, granted in part Plaintiff's motion (Dkt. 55). The Court found that Defendant did indeed control the documents in ▇▇▇ counsel's possession, thus subjecting those documents to the PI Order. (Id.) Pursuant to the September 5th Order, it was referred to the undersigned Magistrate Judge to determine "what documents were and are presently possessed by Defendant's ▇▇▇ counsel and what actions were taken to preserve, or destroy, or transfer them" and that the undersigned "shall determine how she shall proceed further in this matter." (Id.) Defendant's ▇▇▇ counsel was instructed to file under seal *ex parte* a signed affidavit providing information regarding the documents in its possession. (Id.) The undersigned received the requested affidavit on September 12, 2018.

Defendant's ▇▇▇ counsel states that Defendant, upon retaining ▇▇▇ counsel, provided counsel with two sets of documents: (1) electronic copies of documents provided via email and electronic file upload link and (2) a hard drive ("Hard Drive 2.0"), which counsel partially copied ("Hard Drive 2.1"). After reviewing Defendant's ▇▇▇ counsel's *ex parte*

2

submission, the Court is satisfied that the documents provided via email and electronic file upload relate solely to the pending ▇▇▇ action. No further accounting or disclosure of those documents should be necessary.

However, with regard to Hard Drives 2.0 and 2.1, the documents located on those devices are not necessary for the ongoing ▇▇▇ action, as the government has indicated that it does not need the Hard Drives to finish its investigation. ▇▇▇ counsel informed the Court that it only conducted a superficial, cursory review of those Hard Drives, which Defendant and ▇▇▇ counsel have offered to return to Plaintiff. Since ▇▇▇ counsel did not review the information on the Hard Drives in detail and it is not necessary to the ▇▇▇ investigation, it is appropriate that Defendant and ▇▇▇ Counsel only be required to return the Hard Drives, without an inventory.

Therefore, the Court RECOMMENDS that the Hard Drives be promptly returned to Plaintiff, but that no accounting or descriptions be necessary. Further, the Court RECOMMENDS that ▇▇▇ counsel not be required to make any additional document disclosures, as all other documents in its possession appear to relate solely to the ongoing ▇▇▇ action.

## NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

                                        THERESA CARROLL BUCHANAN
                                        UNITED STATES MAGISTRATE JUDGE

                                        /s/
                                      Theresa Carroll Buchanan
September 20, 2018          United States Magistrate Judge
Alexandria, Virginia